**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000038
17-MAY-2017
07:59 AM**

NO. CAAP-15-0000038

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


JAKE SAN, Plaintiff-Appellee, v.
MICHAEL S. YELLEN, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CASE NO. 3RC 13-1-922)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Mike Yellen (**Yellen**) appeals *pro se* from the Findings of Fact and Conclusions of Law; [and] Judgment (**Judgment**), which was entered on December 23, 2014, by the District Court of the Third Circuit, Puna Division (**District Court**).[1] On appeal, Yellen also challenges the District Court's December 23, 2014 Order Denying Defendant's Motion for Reimbursement for Personal Property Left in House Due to an Illegal Eviction Order and December 23, 2014 Order Denying Defendant's Motion to Vacate Writ of Possession and Judgment of Possessions Issued on November 25, 2014.

---

[1]     The Honorable Harry P. Freitas presided.

On appeal, Yellen raises four points of error, asserting that: (1) the District Court erred in denying Yellen's motion to vacate; (2) the District Court lacked jurisdiction to hold a proof hearing; (3) the District Court erred in failing to dismiss Plaintiff-Appellee Jake San's (**San**) case because the Rental Agreement presented to the District Court was forged; and (4) the District Court erred in awarding money damages to San for repairs because San failed to record a required inventory list. Although not identified as a point of error, Yellen also argues that San should be held liable to Yellen (1) pursuant to Hawaii Revised Statutes (**HRS**) § 521-74.5, because San refused to fix the water tank supplying water to the subject property, and (2) due to the loss of certain personal property which was not included in the District Court's award of damages.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Yellen's points of error as follows:

San correctly notes that Yellen's briefs do not comply with Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b). Nevertheless, this court observes a policy of affording *pro se* litigants the opportunity "to have their cases heard on the merits, where possible." O'Connor v. Diocese of Honolulu, 77 Hawai'i 383, 386, 885 P.2d 361, 364 (1994).

(1 & 2) Yellen's first two points of error are based on his contention that he was not properly served with the Complaint and Summons. However, after taking testimony from

witnesses, the District Court found: "Service of the Complaint was made upon [Yellen] on November 12, 2013, by an acquaintance of [San] that was advised of the process by a Civil Sheriff." Yellen did not file a request for the trial transcripts of the testimony regarding service. Notwithstanding evidence of an email confirmation showing that Yellen bought a ticket for a trip to Honolulu that included the date he was reportedly served, the District Court's findings cannot be reviewed without the transcript(s) of the testimony relied on by the court. See HRAP Rule 10(b)(3); Lepere v. United Pub. Workers, Local 646, 77 Hawai'i 471, 474, 887 P.2d 1029, 1032 (1995) (appellant has duty to include relevant transcripts of proceedings as part of record on appeal).

(3) In support of his forgery allegation, Yellen points to a report by a handwriting examiner, who opined that Yellen did not sign his name on the Rental Agreement. Yellen attached this report as Exhibit E to his Opening Brief. However, that report is not part of the record on appeal.

HRAP Rule 28(b)(10) provides: "Anything that is not part of the record shall not be appended to the brief, except as provided in this Rule." Because the handwriting report is not in the record and no exceptions under HRAP 28(b) apply, it will not be considered. Upon review, there is no support in the record for Yellen's forgery argument.

(4) HRS § 521-42(a) (2006) states, in relevant part:

> Prior to the initial date of initial occupancy, the landlord shall inventory the premises and make a written record detailing the condition of the premises and any furnishings or appliances provided. . . . If the landlord

fails to make such an inventory and written record, the condition of the premises and any furnishings or appliances provided, upon the termination of the tenancy shall be rebuttably presumed to be the same as when the tenant first occupied the premises.

In conjunction with the Judgment, the District Court found, *inter alia*, that: (1) San testified that the house was in disarray and damaged; (2) San admitted into evidence photographs of the house taken on November 29, 2013, which indicated the damages; (3) Wesley Wallace testified that he was the renter of the subject property just prior to Yellen, and that "when he vacated the house in question it was in perfect condition"; (4) San also moved into evidence photos of the house before Yellen moved in. The District Court acknowledged that Yellen testified that when he vacated the residence, it was not in disarray and that it was clean. The District Court nevertheless awarded some of the requested damages to San based on the testimony and exhibits moved into evidence. Based on the District Court's findings, and having reviewed the record before us, it appears that San adequately rebutted the presumption regarding the condition of the leased premises. We cannot conclude that the District Court clearly erred in awarding the challenged damages.

(5) Lastly, Yellen contends that San violated HRS § 521-74.5 by not supplying Yellen with water in order to force Yellen out of the subject property. HRS § 521-74.5 (2006) states, in relevant part: "The landlord shall not recover or take possession of a dwelling unit by the wilful interruption or diminution of running water, hot water, or electric, gas, or other essential service to the tenant contrary to the rental

agreement or section 521-42, except in case of abandonment or surrender."

In response, San argues that this contention should be rejected because Yellen failed to raise this issue to the District Court.

"Legal issues not raised in the trial court are ordinarily deemed waived on appeal." Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawai'i 97, 107, 58 P.3d 608, 618 (2002). Yellen asserts in his reply brief that the issue of "retaliation" was raised in Yellen's questions to San during trial. Without trial transcripts, this court cannot effectively review Yellen's assertion. We note that the record includes an August 1, 2013 letter from San to Yellen, which states that the lease expired on July 31, 2013. The letter, which was offered into evidence by San, further stated: "There is no water to the house or property. The cause is unknown at this time. You need to vacate the property as soon as possible and on or before the September 1st 2013." Nevertheless, the record before us does not show that Yellen argued to the District Court that San violated HRS § 521-74.5. Notably, Yellen did not allege a violation of HRS § 521-74.5 in his Motion to Vacate. We cannot conclude that the District Court plainly erred in failing to sua sponte conclude that San violated HRS § 521-74.5. Absent transcripts of relevant testimony and/or arguments, this court is unable to otherwise review this issue.

Finally, the District Court awarded Yellen damages in the amount of $4,745 for "items of value at the residence that

[San] trashed." Absent transcripts of relevant testimony, this court is unable to conclude that the District Court clearly erred in failing to award additional damages to Yellen.

For these reasons, the District Court's December 23, 2014 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, May 17, 2017.

On the briefs:

Mike Yellen,
Defendant-Appellant *pro se*

Brian J. De Lima,
Francis R. Alcain,
(Crudele & De Lima)
for Plaintiff-Appellee.

*Craig H. Nakamura*
Chief Judge

Associate Judge

Associate Judge